United States District Court
Southern District of Texas
**ENTERED**
May 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **MARIO GONZALEZ GONZALEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00281** |
| | § | |
| **UNITED STATES ATTORNEY SOUTHERN DISTRICT OF TEXAS, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by *pro se* Petitioner Mario Gonzalez Gonzalez ("Petitioner"), (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner is a native and citizen of Cuba who entered the United States on or about May 12, 2022. (*Id.* at 3–4; Dkt. 12 at 2.) Petitioner was apprehended shortly after entry and was later released. (Dkt. 1 at 4; Dkt. 12 at 2.) He was reapprehended by immigration authorities at a routine ICE appointment on May 27, 2025. (Dkt. 1 at 5; Dkt. 12 at 2–3.) On July 25, 2025, Petitioner's applications for asylum and withholding of removal were denied and Petitioner was ordered removed to Cuba. (Dkt. 12 at 2.) Petitioner filed a timely appeal of the IJ's order for removal. (Dkt. 1 at 5; Dkt. 12 at 3.) On February 12, 2026, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal. (Dkt. 12 at 3, Attach. 7.)[1] Thereafter, Petitioner filed a Petition for Review

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

with the Fifth Circuit Court of Appeals, (Dkt. 17 at 2; Dkt. 19, Attach. 1), and the Fifth Circuit has since denied Petitioner's motion for stay of removal pending review and dismissed the petition for review. *See Gonzalez Gonzalez v. Blanche*, No. 26-60138 (5th Cir. Apr. 16, 2026).

Petitioner filed his petition for Writ of Habeas Corpus on February 25, 2026, alleging that his ongoing detention violates his rights under the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 8–10.) Upon receipt of the petition, the Court ordered Respondents to file a response on or before March 5, 2026. (Dkt. 6.) Respondents filed a timely Response and Motion for Summary Judgment, (Dkt. 12), and later an Advisory and Amended Response, (Dkt. 17). Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1231(a) because his order of removal became administratively final when the BIA dismissed Petitioner's appeal on February 12, 2026, (Dkt. 17 at 2) (citing 8 CFR § 1241.1(a)), and he has not been detained beyond the presumptively reasonable 180-day period following the finality of his removal order. (*Id.*) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

Respondents correctly assert that Petitioner's detention is governed by 8 U.S.C. § 1231(a)(2) because he has an administratively final order of removal from February 12, 2026. *See* 8 CFR § 1241.1(a). As such, the Court cannot grant Petitioner relief at this time because he has not submitted sufficient evidence to overcome the presumption in *Zadvydas* that his post-removal-order detention is constitutionally permissible for a period of six months. Because he has failed to overcome the presumption, Petitioner's arguments for release are premature given that he has been detained for less than four months since his removal order became final. (*See* Dkt. 17 at 4; Dkt. 19 at 2); 8 C.F.R. § 1241.1.

In *Zadvydas*, the Supreme Court recognized that "permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from

government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citation omitted). Thus, the Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citations omitted). The Supreme Court also determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final.[2] *Id.* at 701. After six months have elapsed, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government cannot offer sufficient rebuttal evidence once a habeas petitioner has made such a showing, then the court should grant the writ and order the habeas petitioner released under the *Zadvydas* framework. *See id.*; *but see Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007) (finding that the petitioner had failed to meet his initial burden when he offered "nothing beyond [his] conclusory statements").

Because Petitioner has been detained for less than six months since his removal order became final, Petitioner must overcome the presumption that his detention is lawful by demonstrating that his removal is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 699–701; *see also Sagastizado v. Noem*, 2025 WL 2957002, at *7 n.3 (S.D. Tex. Oct. 2, 2025) (concluding that the six-month period in Zadvydas is a rebuttable not preclusive presumption); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) (same). Petitioner has failed to submit sufficient

---

[2] Courts, including this one, have understood the six-month presumption to be a period of 180 days which comports with DHS's post-removal custody review procedures. *See Sanchez v. Noem*, 2025 WL 3760317, at *8 (S.D. Tex. Nov. 14, 2025); 8 C.F.R. § 241.4(k)(2)(ii).

evidence showing that his removal is not reasonably foreseeable to meet this higher standard. Because he has not overcome the presumption, Petitioner's arguments that his detention has become unconstitutionally prolonged are premature given that he has been detained for around three months since his removal order became final.

## CONCLUSION

Accordingly, Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as premature. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 12), is **DENIED** as moot.

The Clerk of Court is hereby DIRECTED to terminate the case and all pending motions. Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention has become unconstitutionally prolonged under *Zadvydas*.

Finally, the Clerk of Court is DIRECTED to mail a copy of this Order to Petitioner by any receipted means at the following address:

**Mario Gonzalez Gonzalez**
**A # 240-628-030**
**Rio Grande Processing Center**
**1001 San Rio Boulevard**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this May 19, 2026.

Diana Saldaña
United States District Judge